**Robert TEMPLE, Petioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 01–1809.

United States Court of Appeals, Sixth Circuit.

April 4, 2003.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

PER CURIAM.

Robert M. Temple appeals the tax court's denial of his petition to dismiss the Internal Revenue Service's (IRS) notice of deficiency covering the tax years 1988 through 1992. Temple had filed no income tax returns for these years, but had worked as a veterinarian, sold exotic animals, and received oil royalties on properties on which he, his wife, and their animals resided. Temple's defense was that all income from these sources had been

assigned to a series of off-shore trusts and none was attributable to him. The tax court disagreed, assessed taxes and fraud penalties for the entire period and added a $5,000 sanction against Temple for persisting in frivolous arguments. In his appeal, Temple argues that the tax court had lacked jurisdiction to reach its judgment, that there was no proof of fraud and that the IRS was estopped from finding the deficiencies. Temple's arguments on appeal are almost uniformly so contradicted by binding precedent and the principles of tax jurisprudence as to approach frivolity. We affirm the judgment.

## I

Temple owned two pieces of real estate, 5501 and 5955 Stroup–Hickox Road, Bristolville, Ohio, which he used as a home, a place of business for his veterinary practice, and a breeding ground for the exotic animals he sold. These properties also generated income for Temple through royalties paid by oil companies. Prior to the years covered in this action, Temple set up a series of off-shore trusts located in the British West Indies. For nominal consideration, Temple transferred most of the interest in the properties, including the royalty interest, to these trusts. Temple also began requesting that veterinary and animal sales payments be made to one of these trusts or in cash. In 1988, the first year under consideration here, about half of all income received by check was made out to Temple, the other half to the trust. For the remaining years under consideration, almost all checks were made out to the trusts. Nevertheless, Temple continued to reside and run his business from these properties. The income from these activities was deposited in bank accounts in the names of the trusts. Signatories on these accounts were Temple, his wife, the wife of his counsel in this case, as well as several other persons whose existence

could not be verified, but whose address of record was the Temples' home. Both Temple and his wife wrote numerous checks on these accounts, both to cash and to pay for what appear to be personal travel, hotel, car repair, and home remodeling expenses. Temple did not file income tax returns for any of the years under consideration. During these years, the total income from veterinary services and animal sales was $244,453 and the royalty income reflected on the record was $7,191.

On July 26, 1996, Temple received a notice of deficiency under I.R.C. § 6212, claiming income tax deficiencies and penalties for the tax years 1988 through 1992. Temple challenged that notice by filing a timely petition in the United States Tax Court, which had jurisdiction under I.R.C. §§ 6213, 6214, and 7442. The tax court denied Temple's petition. It held that under I.R.C. § 61(a), the income stemming from Temple's veterinary services, animal sales and royalties will be attributed to him, even if assigned to the trusts, because Temple remained in control of the funds. Furthermore, it found no business expense deductions, because Temple did not provide any evidence of such expenses. This resulted in a tax deficiency for the relevant period of $93,781. Furthermore, the tax court found sufficient evidence of fraudulent intent for these deficiencies that it assessed penalties under I.R.C. § 6653(b)(1), § 6651(f), and § 6654 of $76,198. In addition, the tax court imposed a $5,000 fine under I.R.C. § 6673 for persisting in frivolous arguments. Temple filed a timely appeal from that judgment to this court.

## II

"Where the judgment below is ultimately a finding of fact, it is well-settled that

the determination of the Tax Court is binding on the appellate court unless clearly erroneous." *Ratliff v. Comm'r*, 865 F.2d 97, 98 (6th Cir.1989) (quoting *Ohio Teamsters Educ. and Safety Training Trust Fund v. Comm'r*, 692 F.2d 432, 435 (6th Cir.1982)). "The Tax Court's determination of a deficiency, utilizing and adjusting the Commissioner's determination, [is] a finding of fact and therefore is subject to the clearly erroneous standard of review." *Kearns v. Comm'r*, 979 F.2d 1176, 1178 (6th Cir.1992).

■ Temple contends that the tax court, in declining to recognize for tax purposes Temple's assignment of income streams to the trust, attacked the validity of the trusts and the Temples' contractual and fiduciary relationships with the trusts. Such questions are questions of private and state law and hence outside the jurisdiction of the tax court. *See N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 83–84, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (Brennan, J., plurality opinion) (holding that Article I courts cannot constitutionally be granted the power to adjudicate substantive rights not of Congress' creation). In the alternative, Temple contends that if the tax court can adjudicate such questions, the trusts whose legal rights and obligations are so determined are indispensable parties to the proceedings. As the trusts were not joined, the proceedings should have been dismissed.

■ Temple misconstrues the tax court judgment. It does not in any way affect the legal rights and obligations of the trusts or the relationship between Temple and the trusts. In so far as the trusts were valid before the judgment, they remain so, and whatever contractual or fiduciary relationship existed between Temple and the trusts is unchanged. The evidence in the record, notably not including the trust documents, is inconclusive as to the legal existence of the trusts. However, nothing in the tax court judgment is inconsistent with their validity. It merely found that, under established tax law, the income which Temple had attempted to assign to the trusts (even if they exist and are valid) was, nevertheless, for income tax purposes attributable to him. That finding imposes no liability on the trusts. To the contrary, if the trusts are valid and have paid income taxes on the income properly attributed to Temple (as he claims, but the IRS can find no record to substantiate), the trusts may be able to recover for these excess payments with the support of the tax court's judgment in this case.

■ In 1989, Temple received a notice from the IRS assessing income tax on the 1985 royalty payments. In response, Temple wrote to IRS that the royalty income had been transferred to one of the trusts. The IRS replied with a handwritten note that it was closing the case against Temple for the year 1985. Temple now contends that this exchange had preclusive effect on the current action, both under the headings of collateral estoppel and duty of consistency.

■ "Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Rivet v. Regions Bank*, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). However, "[i]t is axiomatic to the doctrines of res judicata and collateral estoppel that only *judicial* decisions are given conclusive force in subsequent legal proceedings. Thus determinations made by the Commissioner of Internal Revenue are not judicial in nature but administrative and are not res judicata

to bind him for the same taxable year or for subsequent years." *Howard v. United States,* 497 F.2d 1270, 1272 (7th Cir.1974) (quoting 1B James Wm. Moore et al., Moore's Federal Practice ¶ 0.422(2), at 3403 (2d ed.1974)) (emphasis added). An IRS employee's handwritten note that the IRS is closing the case for that year is not a final judgment on the merits of a legal action. But even if it were, the IRS's claim here would not be barred because it is based upon Temple's income tax liability for the years 1988 through 1992, not the year 1985 that was under consideration in the exchange of letters.

> Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the *same tax year.* But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit.

*Comm'r v. Sunnen,* 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1948) (emphasis added).

■ Finally, Temple contends that the IRS's claim is barred by the duty of consistency. The " 'duty of consistency' prevents a taxpayer who has already had the advantage of a past misrepresentation—in a year now closed to review by the government—from changing his position and, by claiming he should have paid more tax before, avoiding the present tax." *Eagan v. United States,* 80 F.3d 13, 16 (1st Cir. 1996) (quoting *Lewis v. Comm'r,* 18 F.3d 20, 26 (1st Cir.1994)). It "arises when the following elements are present: (1) a representation or report by the taxpayer; (2) on which the Commission[er] has relied; and (3) an attempt by the taxpayer after the statute of limitations has run to change the previous representation or to recharacterize the situation in such a way as to harm the Commissioner.' " *Id.* at 17 (quoting *Herrington v. Comm'r,* 854 F.2d 755, 758 (5th Cir.1988)). Hence, the duty of consistency only applies against the taxpayer and is completely inapplicable here. But even if it was extended to apply to the IRS as well, something no court appears to have done so far, it would not work to Temple's advantage here. The IRS has not attempted to change the characterization of the income involved so that, over time, it could extract greater revenues from Temple than it would have been entitled to under any consistent treatment of the income. Rather, it at one time acquiesced in Temple's characterization of the royalty income in a manner favorable to Temple and therefore harmful to the IRS. Now, with the benefit of more evidence and closer examination, the IRS ceased its acquiescence. The duty of consistency would not bar this, even if it was applicable to the IRS.

**III**

We **AFFIRM** the tax court's judgment.