T.C. Memo. 2004-247

UNITED STATES TAX COURT

RAY E. MASON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14102-02.          Filed October 28, 2004.

<u>Kevin D. Watley</u> and <u>B. David Sisson</u>, for petitioner.

<u>William F. Castor</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined a deficiency of
$3,219[1] in petitioner's Federal income tax for 1995 and
determined that petitioner was liable for the addition to tax of

---

[1]All dollar amounts are rounded to the nearest dollar.

$2,414 under section 6651(f)[2] for fraudulent failure to file a timely income tax return for 1995 and alternatively under section 6651(a)(1) for failure to file timely. After concessions,[3] the issue to be decided is whether petitioner is liable for the addition to tax under section 6651(f) for fraudulent failure to file timely an income tax return for 1995. We hold that petitioner is liable. We therefore do not need to decide alternatively whether petitioner is liable for the addition to tax under section 6651(a)(1).

## FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated by this reference. Petitioner and his late wife[4] (the Masons) resided in Noble, Oklahoma, when they filed the petition.

The Masons owned interests in various business enterprises during 1995, the year at issue. They held a 50-percent interest in an S corporation named Eagle Enterprise, Inc. (Eagle), which

---

[2]All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[3]The deficiency in the statutory notice, $3,219, was based on four adjustments: (1) A capital gain adjustment of $1,386, which respondent conceded; (2) a Schedule A investment expense adjustment of $10,995, which petitioner conceded; (3) a computational Schedule A miscellaneous expense adjustment; and (4) a computational alternative minimum tax adjustment.

[4]Petitioner's wife, Ellen M. Mason, died on Feb. 12, 2002. The Court dismissed the Est. of Ellen M. Mason from this action for lack of jurisdiction on Dec. 8, 2003.

did business as a smoke shop in Oklahoma. They also owned El Dorado Investments, Inc. (El Dorado), and Cornerstone Capital Resources, Inc. (Cornerstone), two S corporations that held interests in four Sonic Drive-In restaurants (Sonic restaurants) located in Tennessee, Kentucky, and Kansas. The Masons also owned two commercial properties that they leased to Sonic restaurants located in Tennessee.

Sometime before 1995 the Masons met Dan Meador (Meador), the chairman of a tax-protester group that questions the legality of the Federal income tax system. Meador was convicted of felony obstruction of justice charges relating to a 1995 Federal investigation of two other Oklahoma-based tax protesters. When respondent initiated a collection action during 1995 against Mrs. Mason regarding her 1991 tax liability, petitioner and his wife each sent a letter to respondent on May 24, 1995, attempting to revoke their status as United States citizens. Mrs. Mason then sent an additional letter on July 14, 1995, advancing other frivolous, tax-protester type arguments.

The Masons, also during 1995, transferred their residence and business interests to various trusts they controlled. Petitioner did not maintain a bank account in his name, but, rather, used accounts in his wife's name and in the name of El Dorado. In addition, petitioner did not make estimated tax payments in 1995.

The Masons consistently filed timely income tax returns for almost 40 years, then stopped in 1987. They did not file their income tax return for 1987 until May 1991 and did not file another income tax return after that until October 1997 when they filed an income tax return for 1996. They did not file timely income tax returns for 1988 through 1995 despite having significant taxable income in each of these years. When the Masons eventually filed these income tax returns, they reported adjusted gross income of $107,336 in 1993, $148,221 in 1994, and $97,064 in 1995.

The Masons did not file their income tax return for 1995 until 3 years after it was due, and then only after respondent initiated a criminal investigation for the Masons' failure to file. Petitioner pleaded guilty in May 2000 to willfully failing to file a Federal income tax return for 1995 under section 7203.

Respondent determined a deficiency and a fraudulent failure to file addition to tax under section 6651(f) for 1995. Petitioner timely filed a petition with this Court for a redetermination. The parties stipulated that there is a deficiency in income tax for 1995 of $2,859.[5] The only issue we have to decide is whether petitioner's failure to file an income tax return for 1995 was fraudulent.

_____

[5]Because the stipulated deficiency amount is different from the deficiency amount in the statutory notice, a Rule 155 computation must be done.

OPINION

Individuals whose gross income exceeds certain levels for a taxable year are required to file an income tax return. Sec. 6012(a). If an individual fails to file an income tax return, the Commissioner may impose an addition to tax of up to 5 percent per month of the amount required to be shown, up to a maximum of 25 percent. Sec. 6651(a)(1). If the failure to file is fraudulent, the addition to tax is 15 percent per month of the amount required to be shown up to a maximum of 75 percent. Sec. 6651(f).

Petitioner stipulated that he did not file a timely income tax return for 1995. We must determine whether his failure to file timely was fraudulent within the meaning of section 6651(f). In determining whether a taxpayer's failure to file is fraudulent, we consider the same elements that are considered in imposing the fraud penalty under section 6663. Clayton v. Commissioner, 102 T.C. 632, 653 (1994). Fraud is an intentional wrongdoing designed to evade tax known or believed to be owing. Edelson v. Commissioner, 829 F.2d 828, 833 (9th Cir. 1987), affg. T.C. Memo. 1986-223; Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601. Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Clayton v. Commissioner, supra.

The existence of fraud is a question of fact to be resolved upon consideration of the entire record. DiLeo v. Commissioner, 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Estate of Pittard v. Commissioner, 69 T.C. 391 (1977). Fraud is never presumed and must be established by independent evidence that establishes fraudulent intent. Edelson v. Commissioner, supra; Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Fraud may be proven by circumstantial evidence because direct evidence of the taxpayer's fraudulent intent is seldom available. Spies v. United States, 317 U.S. 492 (1943); Rowlee v. Commissioner, 80 T.C. 1111 (1983); Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Niedringhaus v. Commissioner, 99 T.C. 202 (1992); Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969).

Courts have developed several indicia, or "badges of fraud", from which the requisite fraudulent intent can be inferred. They include: (1) Failing to file income tax returns, (2) understating income, (3) concealing assets, (4) failing to cooperate with tax authorities, (5) making frivolous arguments, (6) failing to make estimated tax payments, (7) giving implausible or inconsistent explanations of behavior, and (8) being convicted of willful failure to file an income tax return.

Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990); Bradford v. Commissioner, supra; Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). This list is nonexclusive. Niedringhaus v. Commissioner, supra. Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia may constitute persuasive circumstantial evidence of fraud. See Bradford v. Commissioner, supra.

A taxpayer's filing of income tax returns in prior years is evidence that the taxpayer was aware of his or her obligation to file such returns. Petzoldt v. Commissioner, 92 T.C. 661 (1989); see also Stalker v. Commissioner, T.C. Memo. 1981-544. Here, the Masons had a history of consistently filing income tax returns for almost 40 years. They did not file their joint income tax return for 1987 until May 1991. After that, they did not file an income tax return until October 1997 when they filed a return for 1996. While the record does not reflect petitioner's educational background, he was experienced in business affairs. He and his wife held interests in four Sonic restaurants and owned two commercial properties. Respondent contends, and we agree, that given petitioner's business background and other facts in the record, he was aware of his obligation to file income tax returns.

Failure to file income tax returns, even over an extended period of time, does not per se establish fraud. Grosshandler v.

Commissioner, 75 T.C. 1 (1980); Coulter v. Commissioner, T.C. Memo. 1992-224. An extended pattern of failing to file income tax returns, however, may be persuasive circumstantial evidence of fraud. Marsellus v. Commissioner, 544 F.2d 883, 885 (5th Cir. 1977), affg. T.C. Memo. 1975-368; Stoltzfus v. United States, 398 F.2d 1002 (3d Cir. 1968); Grosshandler v. Commissioner, supra; Coulter v. Commissioner, supra. Further, when a taxpayer's failure to file for several years is viewed in light of his or her previous filing of income tax returns for prior years, the taxpayer's nonfiling weighs heavily against him or her because the taxpayer is aware of the requirement. Castillo v. Commissioner, 84 T.C. 405 (1985). As discussed in the preceding paragraph, the Masons did not file income tax returns after their return for 1987 until they filed their return for 1996 in October 1997. They failed to file their income tax return for 1995 until March 1999, and then only after respondent began a criminal investigation against the Masons for failure to file. The Masons' pattern of failing to file when viewed in light of their history of filing timely income tax returns for almost 40 consecutive years is evidence of petitioner's fraudulent intent to evade tax liability. Further, given the Masons' association with Meador, we reject petitioner's argument that their failure to file was reasonable because they lacked sufficient funds to pay the tax and they believed taxpayers were only required to

file if they could pay the tax owing.  Respondent contends, and
we are persuaded, that petitioner's failure to file an income tax
return for 1995 is evidence of fraud.

Consistent failure to report substantial amounts of income
over a number of years is, standing alone, highly persuasive
evidence of fraudulent intent.  See Kurnick v. Commissioner, 232
F.2d 678 (6th Cir. 1956), affg. T.C. Memo. 1955-31; Temple v.
Commissioner, T.C. Memo. 2000-337, affd. 62 Fed. Appx. 605 (6th
Cir. 2003).  Here, when the Masons' income tax returns for 1993,
1994, and 1995 were eventually filed, they reported adjusted
gross income of $107,336, $148,221, and $97,064 respectively.
Respondent argues, and we agree, that this failure to report such
substantial income is evidence of fraud.

Concealing assets or income is also an indicium of fraud.
Douge v. Commissioner, supra; Bradford v. Commissioner, 796 F.2d
303 (9th Cir. 1986); Recklitis v. Commissioner, supra at 910.
Respondent contends, and we agree, that petitioner took
affirmative steps to conceal his income and assets.  Petitioner
had no bank account in his name.  He used bank accounts solely in
his wife's name or in the name of El Dorado.  He also transferred
all of his various business interests and his residence to
various trusts to conceal his assets and frustrate respondent's
collection efforts.

We next consider petitioner's level of cooperation with respondent. Failure to cooperate with the Internal Revenue Service (IRS) is an indicium of fraud. Douge v. Commissioner, supra; Bradford v. Commissioner, supra at 307; Recklitis v. Commissioner, supra. Petitioner did not cooperate with respondent's investigation during 1995. The Masons responded to respondent's inquiries with tax protester rhetoric and submitted numerous letters to respondent that advanced tax protester arguments. Although tax protester arguments may not be evidence of fraud in and of themselves, they may be indicative of fraud if made in conjunction with affirmative acts designed to evade paying Federal income tax. See Kotmair v. Commissioner, 86 T.C. 1253 (1986); Fleischner v. Commissioner, T.C. Memo. 1995-389. Here, petitioner took or made affirmative acts designed to evade his tax liability. They include failure to file an income tax return, failure to make estimated tax payments for the year at issue, concealment of assets, and understatement of substantial income. Accordingly, we find that petitioner's affirmative acts are evidence of fraud.

Petitioner claims that the transfer of his personal residence and his various business interests to different trusts over which he retained complete control is not evidence of fraud. Petitioner's explanation that the transfers were made as part of his estate plan does not withstand scrutiny, however.

Petitioner's explanation is implausible in light of his testimony that he does not have a will and his wife did not have a will when she died. Removing assets from respondent's reach by transferring them to a trust has been held to be an affirmative act of fraud. See Simmons v. Commissioner, T.C. Memo. 1997-269. We find that the transfer of the personal residence and business interests to the trusts and his implausible explanation are both evidence of fraud.

Petitioner next argues that transferring his assets to various trusts was not fraudulent because he used his own Social Security number as the trusts' taxpayer identification number and he continued to live in the residence after the conveyance to the trust. These contentions do not persuade us, however, that petitioner's intent was to comply with respondent's collection efforts when considered in conjunction with all of petitioner's actions during the relevant period. We find that petitioner transferred his assets to various trusts to hinder respondent's collection efforts, and such action therefore is evidence of fraud.

Most of the badges of fraud that this Court customarily relies on are present in this case. There is a pattern of failing to file income tax returns, understating income, failing to cooperate with tax authorities, making frivolous arguments, failing to make estimated tax payments, concealing assets and

income, giving implausible explanations, and pleading guilty to willful failure to file an income tax return under section 7203.

Considering all of the facts and circumstances of this case, we find that respondent has proven by clear and convincing evidence that petitioner's failure to file an income tax return for 1995 was fraudulent. Accordingly, petitioner is liable for the section 6651(f) addition to tax for 1995.

Because of our holding regarding the addition to tax under section 6651(f) for fraudulent failure to file, we need not address whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file timely.

We have considered petitioner's other arguments and find them to be irrelevant, moot, or meritless.

To reflect the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.