T.C. Memo. 2006-157


UNITED STATES TAX COURT


JOHN M. AND THELMA SMOLL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 14204-05, 14205-05.    Filed July 31, 2006.


John M. and Thelma Smoll, pro sese.[1]

<u>A. Gary Begun</u> and <u>Elizabeth Procter</u>, for respondent.

---

[1] <u>David B. Carter, Jr.</u> petitioned the Court on behalf of petitioners but was permitted to withdraw on June 19, 2006, prior to trial.

MEMORANDUM OPINION[2]


LARO, Judge:  These cases were consolidated for purposes of trial, briefing, and opinion.  In a notice of deficiency dated April 28, 2005, respondent determined the following deficiencies and additions to tax with respect to John M. Smoll's (petitioner's) 1999, 2002, and 2003 Federal income taxes:

|  |  | Additions to Tax | |
| Year | Tax | Sec. 6651(f) | Sec. 6654 |
| 1999 | $30,620 | $22,966 | $1,482 |
| 2002 | 118,533 | 88,900 | 3,961 |
| 2003 | 85,312 | 63,984 | 2,233 |

In a second notice of deficiency dated April 28, 2005, respondent determined the following deficiencies, additions to tax, and penalties with respect to petitioners' 2000 and 2001 Federal income taxes:

|  |  | Addition to Tax | Penalty |
| Year | Tax | Sec. 6651(a)(1) | Sec. 6663 |
| 2000 | $21,930 | $5,482 | $16,447 |
| 2001 | 24,890 | 6,222 | 18,667 |

Respondent filed a motion to dismiss this case for lack of prosecution, and we are left to decide the propriety of

---

[2]  We found the facts of this case from matter that was deemed stipulated under Rule 91(f) and from testimony that was elicited at trial.  For convenience, we have incorporated our findings of fact with our opinion.  Section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded.  When their petitions were filed, petitioners resided in Sturgis, Michigan.

respondent's determinations of the additions to tax and penalties.[3]  We sustain those determinations in full.

I.  Background

Petitioners were previously before the Court for taxable years 1997 and 1998 in the cases of God's Helping Hands Living Estate Plan Trust, John M. & Thelma Smoll, Trustees v. Commissioner, docket No. 8468-01, and John M. & Thelma Smoll, Trustees v. Commissioner, docket No. 8489-01.  Those cases were resolved with a Closing Agreement on Final Determination Covering Specific Matters (closing agreement).  That litigation involved a dispute between the parties as to whether God's Helping Hands Living Estate Plan Trust should be recognized for Federal income tax purposes.  God's Helping Hands Living Estate Plan Trust had been established by petitioners and purported to operate a farming business, holding title to the Smoll family residence, vehicles, and other personal assets, along with deducting the personal living expenses of the taxpayers.  The closing agreement provided the following:

> NOW IT IS HEREBY DETERMINED AND AGREED FOR FEDERAL INCOME TAX PURPOSES THAT:
>
> 1.   The God's Helping Hands Living Estate Plan shall be disregarded for federal income tax purposes;
> 2.   The taxpayers agree that there was no substantial change in the manner in which they transacted their

_____

[3] At trial, the Court informed the parties that it would grant respondent's motion with respect to the deficiencies in Federal income tax.

business and personal matters before and after the formation of the trust.

3. The taxpayers agree that the trusts are alter egos of themselves and that all assets held in the name of the trust are the assets of the taxpayers.

4. The taxpayers agree that all income, expenses, deductions and credits, as allowed under the Internal Revenue Code, will be reported on the individual returns of the taxpayers for taxable years 1997 and 1998 **and for all subsequent years**. [Emphasis added.]

5. The taxpayers will be liable for any additional taxes, civil penalties, and interests on those individual returns, which may arise because of the non-recognition of the trust arrangement.

Despite entering into the agreement, petitioners continued to use the trust in 2000 and 2001 and failed to report the income, expenses, deductions, and credits on their individual returns for those years, which returns they filed after the time permitted by law. Petitioner did not file a Federal income tax return for 1999, 2002, and 2003. Petitioners underpaid their income tax for 2000 and 2001. Petitioner underpaid his income tax for 1999, 2002, and 2003.

Petitioners were uncooperative during the audit process, and respondent had to engage in summons enforcement. On April 27, 2006, the Court, pursuant to Rule 91(f), granted respondent's motion to show cause why proposed facts should not be accepted as established and made that order absolute after petitioners failed to file a response as ordered.

II. <u>Discussion</u>

1. <u>Additions to Tax Under Section 6651(a)(1)</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a return when due "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". The addition equals 5 percent for each month that the return is late, not to exceed 25 percent in total. The Commissioner has the burden of production with respect to the liability of an individual for an addition to tax under section 6651(a)(1). Sec. 7491(c). The burden of showing reasonable cause under section 6651(a) remains on the taxpayer. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-448 (2001). "Reasonable cause" requires petitioners to demonstrate that they exercised ordinary business care and prudence and nevertheless were unable to file their 2000 and 2001 Federal income tax returns by the due date. <u>United States v. Boyle</u>, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c), Proced. & Admin. Regs. Willful neglect is defined as a "conscious, intentional failure or reckless indifference." <u>United States v. Boyle</u>, <u>supra</u> at 245.

Petitioners stipulated they did not file tax returns for 2000 and 2001 within the time required by law. Respondent has thus satisfied his burden of production with regard to the section 6651(a)(1) addition to tax. See <u>Higbee v. Commissioner</u>, <u>supra</u>. Petitioners have neither offered an explanation for their

failure to file nor produced evidence to establish any reasonable cause for their failure to file the returns.  We sustain respondent's determination of the addition to tax under section 6651(a)(1).

2.  Additions to Tax Under Section 6654

Respondent determined that petitioner underpaid his estimated income tax and is liable for an addition to tax under section 6654 for 1999, 2002, and 2003.  Where payments of tax, either through withholding or by making estimated tax payments, do not equal the percentage of the total liability required under the statute, imposition of an addition to tax under section 6654 is automatic, absent a showing that the taxpayer has met one of the exceptions contained therein.  See Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).  Because petitioner has not shown that any of the exceptions apply, we sustain respondent's determination on this issue.

3.  Additions to Tax and Penalty Under Sections 6651(f) and 6663

Section 6651(f) imposes an addition to tax of up to 75 percent of the amount required to be shown on the tax return when the failure to file a Federal income tax return is due to fraud. Section 6663 imposes a 75-percent penalty on the portion of any underpayment due to fraud.  Because these sections are construed similarly as to a determination of a fraudulent intent, we consolidate our discussion of respondent's fraud determinations.

See Clayton v. Commissioner, 102 T.C. 632, 653 (1994); see also Temple v. Commissioner, T.C. Memo. 2000-337, affd. 62 Fed. Appx. 605 (6th Cir. 2003).

To establish fraud, the Commissioner must show by clear and convincing evidence that there is an underpayment and that a portion of the underpayment is attributable to fraud. See sec. 7454(a); Rule 142(b); Hagaman v. Commissioner, 958 F.2d 684, 696 (6th Cir. 1992), affg. and remanding T.C. Memo. 1990-655; Petzoldt v. Commissioner, 92 T.C. 661, 669 (1989). If the Commissioner establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except to the extent the taxpayer establishes otherwise. See sec. 6663(b); Hagaman v. Commissioner, supra at 696; Marretta v. Commissioner, T.C. Memo. 2004-128, affd. 168 Fed. Appx. 528 (3d Cir. 2006).

The existence of fraud is a question of fact established by consideration of the entire record. Petzoldt v. Commissioner, supra at 699. Fraud is established through proof "that the taxpayer intended to evade tax believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax." Recklitis v. Commissioner, supra at 909; see also Hagaman v. Commissioner, supra at 696. Because direct proof of fraud is seldom available, fraud may be proved by circumstantial evidence and reasonable inferences from the facts. United States

v. Walton, 909 F.2d 915 (6th Cir. 1990); Petzoldt v. Commissioner, supra at 699. Courts have recognized numerous indicia of fraud, including (1) a pattern of underreporting income, (2) the maintenance of inadequate records, (3) the giving of implausible or inconsistent explanations of behavior, and (4) the establishment of a pattern of inaction and delay during pretrial and trial proceedings. Spies v. United States, 317 U.S. 492, 499 (1943); Conti v. Commissioner, 39 F.3d 658, 663 (6th Cir. 1994), affg. and remanding on other grounds T.C. Memo. 1992-616. Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia constitutes persuasive circumstantial evidence of fraud. Petzoldt v. Commissioner, supra at 700.

At trial and by facts deemed stipulated, respondent established by clear and convincing evidence that petitioners understated their 2000 and 2001 Federal income tax with the intent to commit fraud and that petitioner failed to file his 1999, 2002, and 2003 returns with the same intent.[4] See secs. 6651(f), 6663(a); Petzoldt v. Commissioner, supra at 699. Petitioners have a pattern of failing to file tax returns and understating their income when they do file income tax returns. Petitioners also failed to maintain adequate records or cooperate

---

[4] We also note that the record establishes clearly and convincingly that petitioner had an underpayment for 1999, 2002, and 2003.

with respondent, and they consistently provided respondent's representatives with implausible or inconsistent explanations for their behavior. See Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986) (stating that the failure to report income, maintain adequate records, and cooperate with the Commissioner are "badges of fraud" from which fraudulent intent may be inferred), affg. T.C. Memo. 1984-601. Petitioners conducted transactions in cash during the years at issue and failed to substantiate the sources of their cash; their failure to classify their cash transactions and expenses in a manner consistent with applicable law for the taxable years at issue was fraudulent with the intent to evade tax. Accordingly, petitioner is liable for the 6651(f) addition to tax, and petitioners are both liable for the section 6663 penalty.

To reflect the foregoing,

An order of dismissal and decisions will be entered for respondent.