T.C. Memo. 2013-107

UNITED STATES TAX COURT

JOSEPH E. LACINY AND MARY A. LACINY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7710-09.                         Filed April 15, 2013.

<u>William Randolph Shump</u>, for petitioners.

<u>Bradley C. Plovan</u> and <u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined the following deficiencies and

penalties with respect to petitioners' Federal income tax:[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for the years at issue, and all Rule references are to the Tax Court

(continued...)

[*2]

|  | | Penalties | |
| Year | Deficiency | Sec. 6663 (Mrs. Laciny) | Sec. 6662 (Mr. Laciny) |
| --- | --- | --- | --- |
| 1996 | $14,758 | $11,069 | $2,952 |
| 1997 | 31,524 | 23,643 | 6,305 |
| 1998 | 42,305 | 31,729 | 8,461 |
| 1999 | 17,585 | 13,189 | 3,517 |

The issues for decision are: (1) whether petitioners failed to report certain income during the years at issue; (2) whether Mrs. Laciny is liable for a civil fraud penalty under section 6663(a), or alternatively whether she and Mr. Laciny are liable for an accuracy-related penalty under section 6662(a), for each year at issue; and (3) whether the period of limitations on assessment expired before respondent issued the notice of deficiency.

## FINDINGS OF FACT

The parties have stipulated some facts, which we incorporate herein by this reference. When they filed their petition, petitioners resided in Maryland.

Petitioners' Business

Petitioners started Sta-Cool Air Conditioning & Heating, Inc. (Sta-Cool), in April 1973. During the years at issue they were Sta-Cool's operating managers

---

[1](...continued)
Rules of Practice and Procedure. Dollar amounts have been rounded to the nearest dollar.

[*3] and the sole shareholders. Mary Thompson was employed as Sta-Cool's bookkeeper. As part of her duties, she paid company expenses by writing company checks, which Mrs. Laciny usually signed. Mary Thompson had no signature authority to sign Sta-Cool's business checks. Mrs. Laciny reviewed and maintained Sta-Cool's accounting records and instructed its accountants, including Mary Thompson, as to which accounting ledger accounts various expenses should be charged to and how they should be classified.

Under Mrs. Laciny's direction Sta-Cool manipulated its books and records and paid on petitioners' behalf personal expenses of $37,019, $49,029, $59,186, and $35,394 for tax years 1996, 1997, 1998, and 1999, respectively. Mrs. Laciny also caused Sta-Cool to reimburse petitioners certain amounts for personal expenses during these same years. During 1996 through 1999 Mrs. Laciny caused Sta-Cool to pay petitioners a total of $93,616, $161,647, $181,859, and $144,843, respectively, not including reimbursements and other nontaxable payments. On their individual tax returns, however, petitioners reported income from Sta-Cool totaling $84,957, $89,539, $126,707, and $144,511, respectively, for these same years.[2]

---

[2]The parties have stipulated these amounts; we have been unable, however, to duplicate these amounts from the evidence in the record.

**[*4]**  In 1997 petitioners lent Sta-Cool $22,675 so that it could satisfy a judgment lien that Cobb Construction Co. held.  Purportedly in repayment of this loan Sta-Cool paid petitioners $24,000 in 1997 and $25,000 in 1998.  On their 1998 joint income tax return petitioners reported $10,675 of interest income with respect to this loan.

During the years at issue petitioners owned two properties in Clinton, Maryland, and White Plains, Maryland (the business properties), which they rented to Sta-Cool for business purposes.  On petitioners' 1996, 1997, 1998, and 1999 tax returns they reported receiving rental income totaling $28,319, $16,000,  $25,241, and $30,006, respectively.  During its fiscal years ended March 31, 1996 through 1999, Sta-Cool reported deductions for rent paid of $32,948, $36,260, $41,501, and $41,441, respectively.

For the years at issue Shelby Bowles, C.P.A. prepared petitioners' and Sta-Cool's income tax returns using information that Mrs. Laciny provided.

Mrs. Laciny's Criminal Case

In 2004 Mrs. Laciny was indicted under section 7206(1) and 18 U.S.C. sec. 2 (2000), for filing false individual and corporate income tax returns for tax years 1995 through 1999.  In a superseding indictment filed on March 2, 2005, Mrs. Laciny was charged with conspiracy under 18 U.S.C. sec. 371 (2000), filing false

[*5] individual income tax returns for tax years 1998 and 1999, filing false corporate income tax returns for fiscal years ended March 31, 1998 and 1999, under section 7206(1), and aiding and abetting under title 18 U.S.C. sec. 2.

On October 12, 2006, Mrs. Laciny signed a plea agreement, attached to which was a statement of facts which she signed and a worksheet calculating the "Total Unreported Diverted Funds".[3]  Mrs. Laciny pleaded guilty to two counts of filing false individual income tax returns under section 7206(1) for tax years 1998 and 1999 and two counts of filing false corporate income tax returns under section 7206(1) for 1998 and 1999.  Pursuant to her plea agreement Mrs. Laciny was sentenced to 12 months and 1 day of prison and 1 year of supervised release; she was also ordered to pay restitution of $195,938.[4]

As part of the plea agreement and the attached statement of facts that she signed, Mrs. Laciny admitted that from 1995 through 2000, to enhance her

---

[3]Mr. Laciny was not criminally indicted and was not a party to the plea agreement.  Mrs. Laciny voluntarily agreed to the plea agreement and confirmed under oath that the plea agreement and the statement of facts were accurate and truthful.

[4]Mrs. Laciny agreed to pay this amount as a calculated tax loss for criminal purposes.  The amount included additional Sta-Cool corporate taxes due and owing for FYE March 31, 1996 through 1999.  On May 4, 2007, the U.S. District Court for the District of Maryland entered an order of satisfaction stating that the ordered restitution, including principal, interest, and costs, was paid, settled, and satisfied.

[*6] lifestyle and reduce her personal and corporate income tax liability, she diverted Sta-Cool moneys using several different methods. She admitted that she willfully filed false tax returns for tax years 1996, 1997, 1998, and 1999 under penalty of perjury; that she did not believe the returns to be true and correct as to every material matter; and that she knew that she was hiding income and that she would have to pay taxes on it when she reported it. Mrs. Laciny admitted that from 1995 through 1999 she diverted amounts from Sta-Cool to pay for personal items and services and failed to include these amounts as income on her personal income tax returns.[5] She admitted that she diverted additional funds from Sta-Cool by repaying herself more than she lent the business and that she failed to report certain rental income on her personal income tax returns. She also admitted that she caused Sta-Cool to unlawfully deduct as corporate expenses some amounts that were diverted to her personal use.[6]

---

[5]Mrs. Laciny admitted that she diverted $47,813 in 1996, $97,048 in 1997, $114,145 in 1998, and $46,192 in 1999.

[6]These amounts were: $30,763 for FYE March 31, 1996; $38,228 for FYE March 31, 1997; $48,910 for FYE March 31, 1998; and $58,332 for FYE March 31, 1999.

**[*7]** <u>Notice of Deficiency</u>

In the notice of deficiency respondent determined that petitioners failed to report rental income of $4,629, $20,260, $16,260, and $11,435 for tax years 1996, 1997, 1998, and 1999, respectively; income from Sta-Cool of $6,165, $27,759, and $23,049 for tax years 1996, 1997, and 1998, respectively; income from personal expenses listed on Sta-Cool's corporate returns of $37,019, $49,029, $59,186, and $35,394 for fiscal years ended March 31, 1996, 1997, 1998, and 1999, respectively; and $15,650 of income from the overpayment of the Cobb Construction loan for tax year 1998. Respondent determined that Mrs. Laciny was liable for the section 6663 fraud penalty and that Mr. Laciny was liable for the section 6662 accuracy-related penalty.

OPINION

I.  <u>Burden of Proof</u>

The Commissioner's determinations are generally presumed correct, and the taxpayer bears the burden of proving that they are erroneous. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). In the case of the fraud penalty under section 6663, the Commissioner bears the burden of proof. Sec. 7454(a); Rule 142(b).

**[\*8]** Section 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's proper tax liability, and the taxpayer has complied with all substantiation requirements, maintained all records, and cooperated with all reasonable requests, then the Commissioner shall have the burden of proof with respect to that issue.[7] Credible evidence is evidence the Court would find sufficient upon which to base a decision on the issue in the taxpayer's favor, absent any contrary evidence. See Higbee v. Commissioner, 116 T.C. 438, 442 (2001).

Petitioners argue that pursuant to section 7491(a) the burden of proof has shifted to respondent and that uncertainty on any issue in this case should be resolved in their favor. We disagree. As discussed in more detail infra, petitioners have failed to introduce credible evidence to support their claims with respect to any of respondent's proposed adjustments. Consequently, section 7491(a) does not operate to shift the burden of proof.

---

[7]Sec. 7491 is effective for court proceedings arising in connection with examinations commencing after July 22, 1998. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, sec. 3001(a), 112 Stat. at 726. The record does not establish when the examination commenced that gave rise to this case. Respondent does not allege that it commenced before July 22, 1998, and for this purpose we assume that it did not.

[*9] II.  Deficiency

In their brief petitioners contend that respondent made various errors in the notice of deficiency.[8]  We will address each alleged error separately.

A.  Constructive Dividends

Respondent determined that petitioners' unreported income from Sta-Cool, their personal expenses reported on Sta-Cool's returns, and Sta-Cool's overpayment of the Cobb Construction loan are taxable to petitioners as constructive dividends. Petitioners argue that Sta-Cool had insufficient current or accumulated earnings and profits to support characterizing these distributions as dividends.

Funds that a corporation distributes to a shareholder with respect to its stock are taxed to the shareholder as dividends to the extent of the corporation's earnings and profits.  Secs. 301(c), 316.  Any excess is considered to be a nontaxable return of capital to the extent of the shareholder's basis in the

---

[8]In the notice of deficiency respondent determined that petitioners failed to report a total of $56,337 of income received from Sta-Cool during the years at issue. In his reply brief respondent concedes that petitioners' unreported income should be reduced by $996 for tax year 1996, $409 for tax year 1998, and $160 for tax year 1999.  Petitioners do not dispute that they received unreported income in the amounts determined after taking into account respondent's concessions and have not otherwise shown error in these determinations.  Taking into account respondent's concessions, we conclude that petitioners failed to report $54,773 of income from Sta-Cool during the years at issue.

[*10] corporation, and any remaining amount is taxable to the shareholder as a gain from the sale or exchange of property. See sec. 301(c)(2) and (3); Truesdell v. Commissioner, 89 T.C. 1280, 1295-1298 (1987). Characterization of a distribution as a dividend does not depend upon a formal dividend declaration. See Boulware v. United States, 552 U.S. 421, 429 (2008); Truesdell v. Commissioner, 89 T.C. at 1295; see also Noble v. Commissioner, 368 F.2d 439, 442 (9th Cir. 1966), aff'g T.C. Memo. 1965-84.

Corporate funds that a controlling shareholder diverts to personal use are generally characterized as constructive distributions to the shareholder for tax purposes. See Erickson v. Commissioner, 598 F.2d 525, 531 (9th Cir. 1979), aff'g in part, rev'g in part T.C. Memo. 1976-147; Strong v. Commissioner, T.C. Memo. 2005-125. Such a diversion may occur where a controlling shareholder causes a corporation to pay his or her personal expenses and the payment is made without expectation of repayment or without a bona fide intent that it be in repayment of a shareholder loan. See Hood v. Commissioner, 115 T.C. 172, 179-180 (2000); see also Noble v. Commissioner, 368 F.2d at 443; Clark v. Commissioner, 266 F.2d 698, 710-711 (9th Cir. 1959), aff'g in part, rev'g in part and remanding T.C. Memo. 1957-129.

[*11] Petitioners' only evidence of Sta-Cool's earnings and profits is Sta-Cool's corporate income tax returns for the years at issue. But Mrs. Laciny admitted that she falsified Sta-Cool's corporate income tax returns, and petitioners offered no credible evidence to establish Sta-Cool's current or accumulated earnings and profits for the years at issue. Petitioners have failed to meet their burden of proving that there were insufficient earnings and profits to support respondent's determinations in the notice of deficiency. See Truesdell v. Commissioner, 89 T.C. at 1296. Petitioners also failed to prove that any of the constructive distributions represent nontaxable returns of capital.

We sustain respondent's determinations that petitioners' unreported income from Sta-Cool, their personal expenses reported on Sta-Cool's return, and Sta-Cool's overpayment of the Cobb Construction loan are taxable to petitioners as constructive dividends.

### B. Loans To and From Officers

Petitioners argue that respondent's adjustments do not account for loans to and from officers, as reflected on Sta-Cool's tax returns. Petitioners also argue that any amounts they received from Sta-Cool as loans should not be treated as income. Finally, petitioners argue that the loan accounts on Sta-Cool's balance sheets do not accurately reflect petitioners' contributions and that these amounts

[*12] should be increased.  Respondent argues that he properly accounted for loans to and from officers and reduced petitioners' unreported income accordingly.

Petitioners have failed to meet their burden of proving error in respondent's determination.  On this record we find that respondent properly accounted for loans to and from officers in computing petitioners' unreported income from Sta-Cool.

C.  Unreported Rental Income

Petitioners argue that respondent's calculation of rental income paid to them for tax year 1996 is overstated by $100.  We agree, finding the $100 error to be due to a transcription error between respondent's calculations and his summary sheet.  Taking this error into account, we find that for 1996 petitioners failed to report rental income of $4,529 instead of $4,629 as determined in the notice of deficiency.

Petitioners argue that respondent overstated rental income paid to them directly in tax years 1997, 1998, and 1999 by $5,000, $12,000, and $12,000, respectively, because of respondent's counting certain checks twice.  Petitioners are mistaken.  Although respondent's summary sheet lists some checks twice, they

[*13] appear to be listed this way to account separately for amounts paid with regard to each separate rental property and are correctly totaled.

Respondent concedes, however, that because of a computational error the amount of petitioners' unreported income for 1997 should be $19,501 instead of $20,260 as determined in the notice of deficiency.[9]

III. Section 6663 Penalty

Respondent determined that Mrs. Laciny is liable for the section 6663 penalty for tax years 1996, 1997, 1998, and 1999.

A. Elements

If any part of any underpayment of a tax required to be shown on a return is due to fraud, there is an addition to the tax of 75% of the portion of the underpayment that is attributable to fraud. See sec. 6663(a). When a joint return

_____

[9]At trial petitioners' counsel argued that Mrs. Laciny's restitution payment should be applied to petitioners' deficiencies. Respondent's counsel agreed that the restitution payment should be applied to any deficiencies determined by this Court but argued that the restitution payment has no effect on the redetermination of petitioners' deficiencies in this case. The District Court, in ordering that Mrs. Laciny make restitution payments as part of the judgment, did not determine petitioners' civil tax liability and did not bar respondent from assessing a greater amount of civil tax liability against petitioners or from assessing civil fraud penalties. Accordingly, petitioners' deficiency or underpayment is not affected by the restitution payment. See Morse v. Commissioner, 419 F.3d 829, 833-835 (8th Cir. 2005), aff'g T.C. Memo. 2003-332; Hicks v. Commissioner, T.C. Memo. 2011-180.

**[*14]** is filed, the penalty does not apply to a spouse unless some part of the underpayment is due to the fraud of that spouse. Sec. 6663(c).

The Commissioner bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). "'When fraud is determined for each of several years, respondent's burden applies separately for each of the years.'" Maciel v. Commissioner, T.C. Memo. 2004-28, (quoting Temple v. Commissioner, T.C. Memo. 2000-337, aff'd, 62 Fed. Appx. 605 (6th Cir. 2003)), aff'd in part, rev'd in part on other grounds, 489 F.3d 1018 (9th Cir. 2007). To prove fraud, the Commissioner must establish that (1) an underpayment exists and (2) some portion of the underpayment is attributable to fraud. DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992). The Commissioner cannot satisfy his burden of proving fraud by relying upon the taxpayer's failure to establish error in the determination of deficiencies. Parks v. Commissioner, 94 T.C. 654, 660-661 (1990).

If the Commissioner proves that any portion of an underpayment of tax is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except that if the taxpayer establishes by a preponderance of evidence that any portion of the underpayment was not attributable to fraud, the fraud penalty shall not apply to that portion of the underpayment. Sec. 6663(b).

**[\*15]**        1.  <u>Underpayment</u>

To prove the existence of an underpayment, the Commissioner may not rely on a taxpayer's failure to carry his or her burden of proof with respect to the underlying deficiency.  <u>Parks v. Commissioner</u>, 94 T.C. at 660-661.  The Commissioner must prove only that an underpayment exists, and not the precise amount of the underpayment.  <u>DiLeo v. Commissioner</u>, 96 T.C. at 873.

A taxpayer's conviction pursuant to section 7206(1) estops him or her from contesting that an underpayment exists for the years at issue in the criminal case.  <u>See</u> <u>Bradford v. Commissioner</u>, 796 F.2d 303, 307-308 (9th Cir. 1986), <u>aff'g</u> T.C. Memo. 1984-601; <u>Kemp v. Commissioner</u>, T.C. Memo. 2004-153.  Mrs. Laciny's criminal conviction under section 7206(1) estops her from contesting that an underpayment exists for tax years 1998 and 1999.  With regard to tax years 1996 and 1997, Mrs. Laciny acknowledged under oath and while represented by counsel that on their 1996 and 1997 returns petitioners did not report all of their income and that this unreported income was subject to significant Federal income tax.  This acknowledgment establishes underpayments by petitioners.  <u>See</u> <u>Considine v. United States</u>, 683 F.2d 1285, 1287 (9th Cir. 1982); <u>Ford v. Commissioner</u>, T.C. Memo. 2005-18.  Further, respondent introduced evidence showing that during tax years 1996 and 1997 petitioners failed to report income from their rental

[*16] properties, from the personal expenses paid by Sta-Cool, and from Sta-Cool directly.

The record clearly establishes that there was an underpayment of petitioners' tax for each year at issue.

2. Fraud

Fraud is an intentional wrongdoing designed to evade tax believed to be owing. Neely v. Commissioner, 116 T.C. 79, 86 (2001); see Edelson v. Commissioner, 829 F.2d 828 (9th Cir. 1987), aff'g T.C. Memo. 1986-223; McGee v. Commissioner, 61 T.C. 249, 256 (1973), aff'd, 519 F.2d 1121 (5th Cir. 1975). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Estate of Pittard v. Commissioner, 69 T.C. 391, 400 (1977); Gajewski v. Commissioner, 67 T.C. 181, 199-200 (1976), aff'd without published opinion, 578 F.2d 1383 (8th Cir. 1978). Fraud is not to be presumed or based upon mere suspicion. See Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989); Wainwright v. Commissioner, T.C. Memo. 1993-302. Because direct proof of a taxpayer's intent is rarely available, however, fraudulent intent may be established by circumstantial evidence. Grossman v. Commissioner, 182 F.3d 275, 277-278 (4th Cir. 1999), aff'g T.C. Memo. 1996-452; United States v. Bales, 813 F.2d 1289, 1294 (4th Cir. 1987); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

**[*17]** The taxpayer's entire course of conduct may be examined to establish the requisite intent.  See Stone v. Commissioner, 56 T.C. 213, 224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969).  An intent to mislead may be inferred from a pattern of conduct.  Webb v. Commissioner, 394 F.2d 366, 379 (5th Cir. 1968), aff'g T.C. Memo. 1966-81.

Circumstances that may indicate fraudulent intent, commonly referred to as "badges of fraud", include, but are not limited to:  (1) understating income, (2) maintaining inadequate records, (3) giving implausible or inconsistent explanations of behavior, (4) concealing income or assets, (5) failing to cooperate with tax authorities, (6) engaging in illegal activities, (7) providing incomplete or misleading information to one's tax preparer, (8) giving testimony that lacks credibility, (9) filing false documents, including filing false income tax returns, (10) failing to file tax returns, and (11) dealing in cash.  Spies v. United States, 317 U.S. 492, 499 (1943); Conti v. Commissioner, 39 F.3d 658, 662 (6th Cir. 1994), aff'g and remanding on other grounds T.C. Memo. 1992-616; Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990); Scallen v. Commissioner, 877 F.2d 1364, 1370 (8th Cir. 1989), aff'g T.C. Memo. 1987-412; Bradford v. Commissioner, 796 F.2d at 307-308; Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).  Although no single factor is necessarily sufficient to establish fraud, a

[*18] combination of several factors may constitute persuasive circumstantial evidence of fraud. Bradford v. Commissioner, 796 F.2d at 307; Petzoldt v. Commissioner, 92 T.C. at 700.

### 3. Analysis

Starting as early as 1995 Mrs. Laciny intentionally engaged in schemes to divert Sta-Cool moneys to enhance her lifestyle and reduce her personal and corporate income tax liabilities. Mrs. Laciny caused Sta-Cool to pay third parties for petitioners' personal expenses and reclassified the payments as deductible business expenses; she caused Sta-Cool to reimburse petitioners for personal expenses as if they were business expenses; she intentionally failed to report Sta-Cool's payments of petitioners' personal expenses as income on petitioners' income tax returns; she failed to report the diverted income that she and Mr. Laciny received on their joint income tax returns; she caused Sta-Cool to pay petitioners $49,000 purportedly in repayment of a $22,675 loan while reporting $10,675 as interest; and she caused petitioners to deliberately omit a substantial amount of rental income from their joint income tax returns. These actions are all badges of fraud.

Mrs. Laciny pleaded guilty under section 7206(1) to filing false individual income tax returns for tax years 1998 and 1999. Mrs. Laciny also pleaded guilty

**[*19]** under section 7206(1) to filing false corporate tax returns on behalf of Sta-Cool for tax years 1998 and 1999. Such a conviction is highly persuasive evidence that Mrs. Laciny intended to evade tax for those years. See Morse v. Commissioner, 419 F.3d at 833; Stefansson v. Commissioner, T.C. Memo. 1994-162; Avery v. Commissioner, T.C. Memo. 1993-344; Miller v. Commissioner, T.C. Memo. 1989-461. Mrs. Laciny admitted in her plea agreement and the attached statement of facts that she willfully filed false income tax returns for tax years 1996 and 1997 under penalty of perjury, that she did not believe the returns to be true and correct as to every material matter, and that she knew that she owed substantially more taxes than she reported.

Petitioners argue that Mrs. Laciny's conviction and plea agreement are not persuasive evidence of fraud because she never had a trial in her criminal case, had inadequate legal advice, felt pressured to sign the agreement, and did not and does not agree with the allegations in the agreement and the statement of facts attached to it. There is no material difference, however, between a judgment of conviction based on a guilty plea and one rendered after a trial on the merits. Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 75 (1964); Smith v. Commissioner, T.C. Memo. 1995-402, aff'd without published opinion, 116 F.3d 492 (11th Cir. 1997). Mrs. Laciny voluntarily agreed to the plea agreement and

[*20] confirmed under oath that the plea agreement and the statement of facts were accurate and truthful. She cannot credibly contest those admissions now. We find the plea agreement and the statement of facts to be highly persuasive evidence of fraud.

Furthermore, during the years at issue Mrs. Laciny reviewed and maintained Sta-Cool's accounting records and instructed Sta-Cool's accountants, including Mary Thompson, as to which accounting ledger accounts various expenses should be charged and how they should be classified. These actions allowed Mrs. Laciny to conceal income and maintain inadequate records. Her claim of accounting ignorance is undercut by the fact that it was under her direction that Sta-Cool paid personal expenses on petitioners' behalf during the years at issue. Mrs. Laciny also provided all of the information that Shelby Bowles relied upon in preparing petitioners' and Sta-Cool's tax returns. Mrs. Laciny has admitted that this information was incomplete and misleading. Mrs. Laciny's testimony regarding her belief that all of the unreported income was a return of capital investments made in prior years contradicts her earlier admission that she knew she was hiding income and that she would have to pay taxes on the income when she reported it. Such inconsistent explanations and lack of credibility in testimony are badges of fraud.

[*21] Petitioners argue that Mrs. Laciny's acts lack the specific intent necessary to support a finding of fraud by clear and convincing evidence. They argue that Mrs. Laciny was not trained to enter information into Sta-Cool's accounting program and that she relied on Mary Thompson to maintain Sta-Cool's books and records and Shelby Bowles to prepare Sta-Cool's and petitioners' tax returns. They also argue that there was no fraud because Mrs. Laciny believed that all of the unreported income was a return of capital investments made in prior years. Finally, petitioners argue that Mrs. Laciny was "at most * * * unsophisticated and clumsy".

We do not find petitioners' arguments convincing. For the reasons explained above, we find and conclude that respondent has established by clear and convincing evidence that a portion of petitioners' underpayment was attributable to Mrs. Laciny's fraud for each of the years at issue.

Petitioners have failed to show that any portion of the underpayment was not attributable to fraud. Accordingly, we sustain respondent's determination that Mrs. Laciny is liable for the section 6663 penalty for each year at issue.[10]

---

[10]Respondent concedes that Mr. Laciny is not liable for the sec. 6662 accuracy-related penalty for any year in which Mrs. Laciny is liable for the sec. 6663 fraud penalty.

**[\*22]** IV.  <u>Statute of Limitations</u>

Petitioners timely filed individual Federal income tax returns for tax years 1996, 1997, 1998, and 1999.  Respondent mailed the notice of deficiency on December 29, 2008.  Petitioners allege that the period of limitations on assessment has expired for each year at issue.

Generally the amount of any tax must be assessed within three years after a return is filed.  <u>See</u> sec. 6501(a).  In the case of a false or fraudulent return with the intent to evade tax, however, tax may be assessed "at any time".  Sec. 6501(c)(1). In the case of a joint return, proof of fraud against either spouse tolls the limitations period as to both spouses.  <u>See</u> <u>Hicks Co. v. Commissioner</u>, 56 T.C. 982, 1030 (1971), <u>aff'd</u>, 470 F.2d 87 (1st Cir. 1972); <u>Evans v. Commissioner</u>, T.C. Memo. 2010-199, <u>aff'd</u>, __ Fed. Appx. __, 2013 WL 491010 (9th Cir. Jan. 2, 2013).

As previously discussed, respondent proved by clear and convincing evidence that Mrs. Laciny filed petitioners' tax returns for the years at issue with the fraudulent intent to evade tax.  Accordingly, respondent is not time barred from assessing tax liabilities against petitioners for any of the years at issue.  <u>See</u> <u>Romer v. Commissioner</u>, T.C. Memo. 2001-168.

**[*23]** We have considered all other arguments advanced by petitioners for a contrary result and find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.