T.C. Memo. 2012-99

UNITED STATES TAX COURT

ROBERT F. LAIN, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3480-10.                    Filed April 4, 2012.

Robert F. Lain, pro se.

<u>Thomas Gilson Hodel</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  This case arises from a petition for redetermination filed in

response to a notice of deficiency issued to petitioner for 1995, 1996, and 1998-

2005 (years at issue). Respondent determined the following deficiencies and additions to petitioner's Federal income tax:[1]

|  |  | Additions to tax | | |
|  |  | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(f) | 6651(a)(2) | 6654 |
| 1995 | $7,519 | $5,451 | $1,880 | $411 |
| 1996 | 19,652 | 14,248 | 4,913 | 1,046 |
| 1998 | 30,173 | 21,875 | 7,543 | 1,369 |
| 1999 | 2,202 | 1,596 | 551 | 106 |
| 2000 | 1,560 | 1,131 | 390 | --- |
| 2001 | 43,892 | 31,822 | 10,973 | 1,754 |
| 2002 | 82,664 | 59,931 | 20,666 | 2,762 |
| 2003 | 104,140 | 75,502 | 26,035 | 2,687 |
| 2004 | 90,879 | 65,887 | 22,720 | 2,604 |
| 2005 | 95,503 | 69,240 | 23,876 | 3,831 |

The issues for decision are: (1) whether petitioner failed to report income from his oilfield service business for the years at issue; (2) whether petitioner's failure to file Federal income tax returns for the years at issue was "fraudulent" within the meaning of section 6651(f); (3) whether the section 6651(a)(2) addition to tax applies to petitioner's failure to pay for the years at issue; and (4) whether the

---

[1]All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Amounts are rounded to the nearest dollar.

section 6654 addition to tax applies to petitioner's failure to pay estimated tax for the years at issue.[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.[3]  The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference.  At the time petitioner filed his petition, he lived in Wyoming.

Petitioner is self-employed in the oilfield industry and has spent most of the last 10 years working in environmental cleanup and drilling supervision.  Petitioner charges a daily rate for his services.  During the years at issue petitioner provided services to vendors under the names La Phoenix Research (La Phoenix) and White Stone.  Petitioner testified that La Phoenix and White Stone were trusts but did not provide any trust documents to corroborate his testimony.

---

[2]Respondent has conceded that the sec. 6651(a)(2) addition to tax does not apply for 1995.  Further, respondent argues that if the Court does not find petitioner liable for the addition to tax pursuant to sec. 6651(f) for the years at issue, the Court should find petitioner liable in the alternative for the sec. 6651(a)(1) addition to tax for the years at issue.

[3]On brief petitioner argues that he signed the stipulation of facts under duress and objects to including the stipulation of facts in the record.  Petitioner has not presented any evidence to support this argument.  Stipulations are generally treated as "conclusive admission[s]".  Rule 91(e).  However, we will disregard stipulations where the facts as stipulated are "clearly contrary to facts disclosed by the record".  Jasionowski v. Commissioner, 66 T.C. 312, 318 (1976).  These circumstances are not present here.

In 1995 and 1996 petitioner maintained a checking account with the Christian Patriot Association (Christian Patriot). Christian Patriot operated what is known as a "warehouse banking scheme" in Oregon. Under this scheme, Christian Patriot commingled funds from various clients in a single bank account for the purpose of concealing the sources of such funds. From 1998 to 2005 petitioner and his wife, Amelia Lain, maintained two checking accounts with CITCO Federal Credit Union. During the years at issue petitioner used multiple addresses for his bank accounts and billing.

Petitioner did not keep books and records of amounts received for his services under his own name, La Phoenix, or White Stone during the years at issue. As a result, the Internal Revenue Service (IRS) used the "specific item" method to reconstruct petitioner's income for the years at issue. As part of this process the IRS issued summonses to banks and other third parties. Petitioner tried to block IRS efforts through a petition to quash summons or grant a motion for evidentiary hearing (petition to quash) filed on September 8, 2004, in the U.S. District Court for the District of Wyoming (District Court). On September 9, 2005, the District Court denied petitioner's motion to quash, holding that his argument was "utterly meritless".

The IRS third-party summonses revealed the following payments for services rendered:

(1)     Enron Oil & Gas Co. paid La Phoenix $27,310, $4,684, $7,000, and $2,100 in 1995, 1996, 1998, and 1999, respectively;

(2)     Jordan Drilling Fluids, Inc., paid petitioner $1,375 in 1996;

(3)     Cross Timbers Operating Co. paid La Phoenix and White Stone a combined $78,363, $7,673, and $7,512 in 1998, 1999, and 2000, respectively;

(4)     Ultra Resources, Inc., paid White Stone $33,112, $24,399, and $13,007 in 2001, 2002, and 2003, respectively;

(5)     Alpine Operating Co., LLC, paid White Stone $24,780 in 2001;

(6)     EOG Resources, Inc., paid White Stone $31,083, $35,156, $201,981, and $271,475 in 2001, 2003, 2004, and 2005, respectively;

(7)     Infinity Oil & Gas of Wyoming, Inc., paid White Stone $59,387 in 2002;

(8)     Burlington Resources, Inc., paid White Stone $7,322 in 2003;

(9)     XTO Energy, Inc., paid White Stone $103,774 and $10,366 in 2003 and 2004, respectively;

(10)    Andarko Petroleum Corp. paid White Stone $32,945, $137,757, and $134,480 in 2001, 2002, and 2003, respectively; and

(11)    Cabot Oil & Gas Corp. paid White Stone $46,357 in 2004.  Petitioner does not dispute the authenticity of these payments.

Petitioner is familiar with tax return filing requirements and has filed Federal tax returns and paid taxes for years before the years at issue.  Nonetheless, for the years at issue petitioner did not file Federal income tax returns or make any estimated tax payments for himself, La Phoenix, or White Stone.  Petitioner also did not file a Federal income tax return for 1994.

The IRS prepared a substitute for return pursuant to section 6020(b) for each of the years at issue.  The notice of deficiency was issued on November 10, 2009, and petitioner timely filed his petition.

OPINION

I.    Petitioner's Income

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that those determinations are incorrect.  Rule 142(a)(1).  Section 61 defines gross income to include "all income from whatever source derived".

The "specific item" method is an indirect method of income reconstruction that consists of evidence of specific amounts of income received by a taxpayer and not reported on the taxpayer's return.  Estate of Beck v. Commissioner, 56 T.C.

297, 353, 361 (1971). It is well settled that taxpayers are required to report every item of income received and maintain records to establish the correct amounts of income, deductions, and credits required to be shown on their tax returns. Petzoldt v. Commissioner, 92 T.C. 661, 687 (1989). Petitioner failed to maintain books and records to establish income. Thus, respondent was justified in using the "specific item" method of proof to determine petitioner's tax liabilities for the years at issue. See Estate of Beck v. Commissioner, 56 T.C. at 353-354 ("[t]here is no restriction on the method or theories by which respondent may test his views that unreported income exists provided they are reasonably calculated to disclose the presence or absence of unreported income").

The Court of Appeals for the Tenth Circuit, to which an appeal in this case would lie, has determined that a presumption of correctness generally attaches to a deficiency determination when the Commissioner establishes a timely assessment of the tax due, supported by a "minimal evidentiary foundation." See United States v. McMullin, 948 F.2d 1188, 1192 (10th Cir. 1991). The Commissioner's burden requires the introduction of "substantive evidence" demonstrating that the taxpayer received unreported income. Id. This presumption of correctness permits judgment in the Commissioner's favor unless the taxpayer produces substantial evidence overcoming it. Id.

Petitioner concedes that he performed services for and charged a daily rate to various vendors in the oilfield industry during the years at issue under his own name, La Phoenix, and White Stone. Respondent has presented documents from these vendors providing the amounts and years of payments made to petitioner, La Phoenix, and White Stone. Petitioner does not dispute the authenticity of these documents. Rather, petitioner sets forth a series of frivolous and misguided arguments regarding this Court's jurisdiction, the burden of proof, and obstruction of justice. Petitioner's only authority for his arguments is a convoluted reading of various provisions of the Internal Revenue Code, the Internal Revenue Manual, and cases cited out of context. Petitioner has never raised a reasonable dispute with respect to the income reported by third parties for the years in issue.

Accordingly, respondent has established a presumption of correctness through clear and convincing evidence of petitioner's unreported income, and petitioner has failed to present any evidence to overcome it. We therefore sustain respondent's determinations with respect to petitioner's deficiencies for the years at issue.

II.    Additions to Tax

The Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount.  Sec. 7491(c).  The Commissioner satisfies this burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception.  Id.  The Commissioner has the burden of proof by clear and convincing evidence with respect to a determination of fraud.  See sec. 7454(a); Rule 142(b).

A.    Section 6651(f)--Failure To File

Petitioner did not file tax returns or pay taxes, including estimated taxes, for the years at issue.  Sections 6011 and 6012 require every individual who has gross income in excess of certain amounts for a taxable year to file an income tax return. Section 6651(a)(1) provides for an addition to tax for failure to file a timely return, equal to 5% of the amount required to be shown as tax on the return, for each month or fraction thereof during which such failure continues, not exceeding 25% in the aggregate.  If, however, the failure to file any return is fraudulent, section 6651(f) imposes an increased addition to tax equal to 15% of the amount required to be

shown as tax on the return for each month or fraction thereof during which such failure continues, not exceeding 75% in the aggregate (instead of the 5%/maximum 25% addition under section 6651(a)(1)). Respondent has determined that petitioner's failures to file for the years at issue were fraudulent.

In ascertaining whether petitioner's failure to file was fraudulent under section 6651(f), the Court considers the same elements that are considered in imposing the fraud penalty under section 6663 and former section 6653(b). Clayton v. Commissioner, 102 T.C. 632, 653 (1994). Those two elements of fraud are: (1) the existence of an underpayment, and (2) fraudulent intent with respect to some portion of the underpayment. See Petzoldt v. Commissioner, 92 T.C. at 699.

The existence of an underpayment is not in question here because we have determined that respondent has presented clear and convincing evidence of petitioner's unreported income, petitioner has not overcome respondent's presumption of correctness, and petitioner has failed to pay taxes for the years at issue. Fraudulent intent is a question of fact that must be considered on the basis of an examination of the entire record and petitioner's entire course of conduct. Id. Fraud is never presumed and must be established by independent evidence of fraudulent intent. Id.

Courts have developed a nonexclusive list of factors, or "badges of fraud", that demonstrate fraudulent intent. Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992). They include: (1) failing to file income tax returns; (2) understating income; (3) failing to maintain adequate records; (4) concealing income or assets; (5) failing to cooperate with tax authorities; (6) asserting frivolous arguments and objections to the tax laws; (7) lack of credibility in testimony; and (8) failing to make estimated tax payments. See id.; Recklitis v. Commissioner, 91 T.C. 874, 910 (1988); Kotmair v. Commissioner, 86 T.C. 1253 (1986). No single factor is necessarily sufficient to establish fraud. Niedringhaus v. Commissioner, 99 T.C. at 211. However, the existence of several indicia may constitute persuasive circumstantial evidence of fraud. See id.; Petzoldt v. Commissioner, 92 T.C. at 700. We now address these badges of fraud with respect to the instant case.

### 1. Failing To File Tax Returns

A taxpayer's filing of income tax returns in prior years is evidence that the taxpayer was aware of his or her obligation to file returns. Petzoldt v. Commissioner, 92 T.C. at 701. Failure to file income tax returns, even over an extended period, does not per se establish fraud. Grosshandler v. Commissioner, 75 T.C. 1, 19 (1980); Coulter v. Commissioner, T.C. Memo. 1992-224. However, an extended pattern of failing to file income tax returns may be persuasive

circumstantial evidence of fraud.  Marsellus v. Commissioner, 544 F.2d 883, 885 (5th Cir. 1977), aff'g T.C. Memo. 1975-368; Grosshandler v. Commissioner, 75 T.C. at 19.  Further, when a taxpayer's failure to file for several years is viewed in the light of his or her previous filing of income tax returns for prior years, the taxpayer's nonfiling weighs heavily against him or her because the taxpayer is aware of the requirement.  Castillo v. Commissioner, 84 T.C. 405, 409 (1985).

Petitioner was familiar with tax return filing requirements during the years at issue and has filed Federal tax returns and paid taxes for previous years. Therefore, this factor weighs heavily against petitioner.

### 2. Understating Income

Consistent failure to report substantial amounts of income over a number of years is, standing alone, highly persuasive evidence of fraudulent intent.  See Temple v. Commissioner, T.C. Memo. 2000-337, aff'd, 62 Fed. Appx. 605 (6th Cir. 2003); see also Holland v. United States, 348 U.S. 121 (1954).  Petitioner failed to report taxable income for the 10 years at issue.  Therefore, this factor weighs against petitioner.

3.      Failing To Maintain Adequate Records

Petitioner failed to maintain books and records of amounts received for his services rendered during the years at issue under his name, La Phoenix, or White Stone.  Therefore, this factor weights against petitioner.

4.      Concealing Income or Assets

In 1995 and 1996 petitioner participated in the Christian Patriot warehouse banking scheme.  Therefore, petitioner attempted to conceal income or assets in 1995 and 1996.  Further, throughout the years at issue petitioner operated his business through La Phoenix and White Stone.  Petitioner has not presented any business reason for doing so.  A nominee is an entity or individual who holds bare legal title to assets owned by another entity or individual.  See Oxford Capital Corp. v. United States, 211 F.3d 280, 284 (5th Cir. 2000); Criner v. Commissioner, T.C. Memo. 2003-328; Beck v. Commissioner, T.C. Memo. 2001-270.  Placing title to assets in the name of a nominee evidences a taxpayer's fraudulent intent.  See Leggett v. Commissioner, T.C. Memo. 1999-100, aff'd without published opinion, 221 F.3d 1357 (11th Cir. 2000).  Therefore, this factor weighs against petitioner.

### 5. Failing To Cooperate With Tax Authorities

Petitioner did not cooperate with respondent's investigations. In fact, petitioner filed the petition to quash, an action the District Court described as "utterly meritless". Therefore, this factor weighs against petitioner.

### 6. Asserting Frivolous Arguments

As discussed above, petitioner's arguments are frivolous, irrelevant, and otherwise totally lacking in merit. Therefore, this factor weighs against petitioner.

### 7. Lack of Credibility of the Taxpayer's Testimony

Petitioner presented frivolous arguments at trial. Therefore, this factor weighs against petitioner.

### 8. Failing To Make Estimated Tax Payments

Petitioner did not make any estimated tax payments for the years at issue. Therefore, this factor weighs against petitioner.

Considering all of the facts and circumstances, we find that respondent has proved by clear and convincing evidence that petitioner's failure to file income tax returns for the years at issue was fraudulent. Accordingly, petitioner is liable for the section 6651(f) addition to tax for each of the years at issue.

B.     Section 6651(a)(2)--Failure To Pay

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount

shown as tax on the taxpayer's return on or before the date prescribed unless the

taxpayer can establish that the failure is due to reasonable cause and not due to

willful neglect.  The addition is calculated as 0.5% of the amount shown as tax on

the tax return but not paid, with an additional 0.5% for each month or fraction

thereof during which the failure to pay continues, up to a maximum of 25%.[4]  If the

amount required to be shown as tax on the return is less than the amount actually

shown on the return, the addition to tax is calculated by reference to the lesser

amount.  See sec. 6651(c)(2).  For purposes of computing the section 6651(a)(2)

addition for any month, the amount of tax shown on the return is reduced by the

amount of any part of the tax paid before the beginning of the month and by the

amount of any credit against the tax which may be claimed on the return.  See sec.

6651(b)(2).

The addition to tax under section 6651(a)(2) applies only if an amount of tax

is shown on a return.  Wheeler v. Commissioner, 127 T.C. 200, 208 (2006), aff'd,

521 F.3d 1289 (10th Cir. 2008).  Substitutes for returns filed by the IRS under

---

[4]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount
of the addition to tax under sec. 6651(a)(1) for any month to which an addition to
tax applies under both paragraphs.  See sec. 6651(c)(1).

section 6020(b) are treated as returns for section 6651(a)(2) purposes. See sec. 6651(g)(2).

Petitioner concedes that he did not pay the amount shown as tax on any of his returns on or before the date prescribed. Therefore, respondent's burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax has been satisfied. Petitioner neither argued nor established reasonable cause for this failure. Consequently, petitioner has not met his burden of persuasion, and respondent's determinations are sustained.

C.    Section 6654--Failure To Pay Estimated Tax

A taxpayer generally has an obligation to pay estimated income tax for a particular year only if he or she has a required annual payment for that year. See sec. 6654(d). The required annual payment is equal to the lesser of (1) 90% of the tax shown on the individual's return for that year (or if no return is filed, 90% of the tax for such year) or (2) 100% of the tax shown on the return if the taxpayer filed a return for the immediately preceding tax year. See sec. 6654(d)(1)(B). If the taxpayer did not file a return for the preceding year, then clause (2) does not apply. Id.

Because he did not file a Federal tax return for the year preceding each year at issue, petitioner's "required annual payment" for each year at issue is equal to

90% of his tax for each of those years. We have sustained respondent's determination that petitioner had a Federal income tax liability for each of the years at issue. Petitioner does not dispute that he did not make any estimated tax payments for the years at issue. Therefore, respondent's burden of production under section 7491(c) with respect to the section 6654(a) addition to tax has been satisfied. Petitioner neither argued nor established any of the defenses enumerated in section 6654(e). Because petitioner has not met his burden of persuasion, respondent's determinations are sustained.

The Court, in reaching its holdings, has considered all arguments made, and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.