T.C. Memo. 2012-250

UNITED STATES TAX COURT

KELVIN L. ELLIS, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19899-10.                          Filed August 29, 2012.

Kelvin L. Ellis, Sr., pro se.

<u>Stephen A. Haller</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's motion for

summary judgment pursuant to Rule 121.[1]  Petitioner has not responded to

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.

[*2] respondent's motion, despite an order from this Court instructing him to do so.

Respondent determined deficiencies, additions to tax, and penalties with respect to petitioner as follows:

| | | | Additions to tax | | | Penalty |
|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2)[1] | Sec. 6651(f) | Sec. 6654 | Sec. 6663 |
| 2000 | $5,002 | — | $1,250.50 | $3,626.45 | $269.04 | — |
| 2001 | 21,706 | $5,245.00 | — | — | — | $16,279.50 |
| 2002 | 30,146 | — | 6,297.25 | 18,262.02 | 823.32 | — |
| 2003 | 6,732 | 494.75 | — | — | — | 5,049.00 |
| 2004 | 5,610 | — | 241.25 | 699.63 | — | — |

[1]The amount of any addition to tax pursuant to sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c).

The issues for decision are: (1) whether petitioner had unreported income for the taxable years 2000, 2001, 2002, 2003, and 2004 (years at issue); and (2) whether petitioner is liable for additions to tax under section 6651(a)(1) for 2001 and 2003, sections 6651(a)(2) and (f) for 2000, 2002, and 2004, section 6654[2] for 2000, and for penalties under section 6663 for 2001 and 2003.

## Procedural History

On June 4, 2010, respondent issued to petitioner a notice of deficiency for the years at issue. Petitioner timely filed a petition disputing the determinations in

[2]Respondent concedes that petitioner is not liable for the addition to tax under sec. 6654 for the 2002 tax year.

**[\*3]** the notice of deficiency.  On November 3, 2010, respondent filed an answer that included detailed affirmative allegations.

On January 14, 2011, respondent filed a motion for entry of an order that the affirmative allegations in the answer be deemed admitted pursuant to Rule 37(c).[3] By order dated February 22, 2011, we directed petitioner to file a reply on or before March 15, 2011, as required by Rule 37.  On March 21, 2011, the Court received a motion from petitioner requesting an extension of time to file a reply. By order dated April 13, 2011, the Court granted petitioner's motion in that we extended the time for petitioner to file a reply to May 13, 2011.  In our order we stated that if petitioner did not file a reply as directed, we would grant respondent's motion.  Petitioner failed to file a reply to respondent's motion, and respondent's motion was granted on June 3, 2011.  On September 1, 2011, respondent filed a motion for summary judgment pursuant to Rule 121.  By order dated September 12, 2011, petitioner was directed to file a response to respondent's motion for summary judgment on or before October 3, 2011.  No

---

[3]Rule 37(c) states:  "Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after expiration of the time for filing the reply, files a motion that specified allegations in the answer be deemed admitted."

[*4] response was filed by petitioner. Based on the procedural history, all of the affirmative allegations in the answer are deemed admitted pursuant to Rule 37(c).

Background

At the time the petition was filed, petitioner was incarcerated in North Carolina.

Petitioner was employed by the City of East St. Louis, Illinois, from 2001 to 2004. Petitioner also worked as an independent consultant from 2000 through 2004.

Petitioner failed to file a Federal income tax return for the taxable year 2000. Petitioner did not timely file his 2001 Federal income tax return or request an extension of time to file his return. On June 25, 2004, respondent received petitioner's 2001 Federal income tax return. Petitioner failed to file a Federal income tax return for the taxable year 2002. Petitioner did not timely file his 2003 Federal income tax return or request an extension of time to file his return. On December 8, 2004, respondent received petitioner's 2003 Federal income tax return. Petitioner failed to file a Federal income tax return for the taxable year 2004.

The Internal Revenue Service conducted an examination with respect to petitioner for the years at issue. Petitioner failed to submit for examination

[*5] complete and adequate books and accounts of his consulting business for the years at issue.

Petitioner failed to report income earned from his work as an independent consultant on his Federal income tax returns as follows:

| Year | Income from consulting work |
|------|------|
| 2000 | $21,681 |
| 2001 | 59,207 |
| 2002 | 19,304 |
| 2003 | 17,601 |
| 2004 | 2,233 |

Additionally, petitioner failed to report $146 of interest income for 2001. For the 2002 taxable year petitioner also failed to report $40,104 of wage income from his employer and a $60,000 settlement he received in a civil suit against the city of East St. Louis, Illinois. For the 2003 taxable year petitioner also failed to report $786 of gross proceeds from the sale of stock in 2003. For the 2004 taxable year petitioner also failed to report $40,104 of wage income from his employer.

As a result of petitioner's underreporting of income and failure to file returns, petitioner underpaid his tax by $5,002 for 2000, $21,706 for 2001, $30,146 for 2002, $6,732 for 2003, and $5,610 for 2004. Petitioner's

[*6] underpayments for the years at issue were due to fraud, and his failure to file returns for 2000, 2002, and 2004 was fraudulent.

Respondent prepared substitutes for returns (SFRs) for 2000, 2002, and 2004 pursuant to section 6020(b).

Petitioner used third-party checks and money orders to pay his personal expenses in an effort to conceal his income. Additionally, petitioner dealt in large amounts of cash in order to avoid the use of the banking system and the paper trails that would follow such use.

Petitioner was convicted of criminal tax evasion under section 7201 pursuant to a plea agreement in the U.S. District Court for the Southern District of Illinois in which he agreed to plead guilty to one count of tax evasion under section 7201 for the 2001 tax year. As part of the agreement, petitioner signed a stipulation of facts in which he admitted that he "knew that moneys and funds he received from his employment with the City of East St. Louis, from his other employment and consulting work, and from other sources were reportable as taxable income." Petitioner also admitted that for the tax years "2001, 2002, and 2003, * * * [he] knowingly and willfully failed to report all of his income to the Internal Revenue Service in order to evade United States tax filing requirements."

**[*7]**                                        <u>Discussion</u>

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. <u>Shiosaki v. Commissioner</u>, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact exists and that he is entitled to judgment as a matter of law. <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 559 (2000). Petitioner failed to respond to respondent's motion and has failed to

**[*8]** indicate that there is a genuine dispute for trial.[4]  Also, as previously stated, the facts on which respondent's motion for summary judgment is based are deemed admitted.  Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Issue 1.  Petitioner's Unreported Income

Petitioner received the income that respondent determined he failed to report on his Federal income tax returns for the years at issue.  Therefore, we will grant respondent's motion for summary judgment with respect to the deficiencies in petitioner's Federal income tax for the years at issue.

Issue 2.  Additions to Tax and Penalties

Respondent determined that petitioner is liable for additions to tax pursuant to (1) section 6651(a)(1) for tax years 2001 and 2003; (2) section 6651(a)(2) for tax years 2000, 2002, and 2004; and (3) section 6654 for tax year 2000.  Respondent has the burden of production with respect to these additions to tax.  See sec. 7491(c).  To meet this burden, respondent must produce evidence showing that the additions to tax are appropriate.  See id.; Higbee v.

---

[4]By failing to respond to the assertions in respondent's motion for summary judgment, petitioner waived his right to contest them.  See Rule 121(d); Lunsford v. Commissioner, 117 T.C. 183, 187 (2001); Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6.

[*9] <u>Commissioner</u>, 116 T.C. 438, 446 (2001).  Once respondent satisfies this burden, petitioner has the burden of proof with respect to exculpatory factors such as reasonable cause.  See <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447.

Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to file a timely return unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  The addition to tax is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent.  <u>Id.</u>

Petitioner did not timely file Federal income tax returns for 2001 and 2003. Thus, we find that respondent has met his burden of production.  Petitioner has not provided any evidence indicating that his failure to file returns was due to reasonable cause.  Accordingly, we hold that petitioner is liable for the additions to tax under section 6651(a)(1) and sustain respondent's determinations as set forth in the notice of deficiency.

Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return, unless the taxpayer establishes that the failure

**[*10]** was due to reasonable cause and not willful neglect. The addition is calculated as 0.5% of the amount shown as tax on the return but not paid, with an additional 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%.[5] Id.

Under section 6020(b), when a taxpayer fails to file a return required by law, the Commissioner (acting for the Secretary of the Treasury) may make a return from such information as he can obtain. Under section 6651(g)(2), any return so made is treated as the taxpayer's return for purposes of determining the amount of the addition under section 6651(a)(2).

Petitioner failed to file Federal income tax returns for 2000, 2002, and 2004. Pursuant to section 6651(g)(2) the SFRs respondent made are treated as petitioner's tax returns. Petitioner failed to pay the amounts of tax shown on the SFRs for 2000, 2002, and 2004. Therefore, respondent has met his burden of production. Petitioner has not provided any evidence indicating that his failure to pay was due to reasonable cause. Accordingly, we hold that petitioner is liable for the additions to tax under section 6651(a)(2) and sustain respondent's determinations as set forth in the notice of deficiency.

---

[5]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month for which an addition to tax applies under both paragraphs. Sec. 6651(c)(1).

**[*11]** <u>Section 6654</u>

Section 6654(a) imposes an addition to tax when a taxpayer fails to pay a required installment of estimated income tax. Each required installment is equal to 25% of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is equal to the lesser of (1) 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for that year), or (2) 100% of the tax shown on the return, if any, for the preceding taxable year. Sec. 6654(d)(1)(B). Petitioner did not file Federal income tax returns for the taxable years 1999 and 2000. Therefore, petitioner's required annual payment for 2000 was 90% of the tax for that year. <u>See</u> <u>id.</u>; <u>Missall v. Commissioner</u>, T.C. Memo. 2008-258, 2008 Tax Ct. Memo LEXIS 254, at *7-*8. Respondent has met his burden of production for the section 6654 addition to tax.

The "section 6654 addition to tax is mandatory unless the taxpayer establishes that one of the exceptions in section 6654(e) applies." <u>Verduzco v. Commissioner</u>, T.C. Memo. 2010-278, 2010 Tax Ct. Memo LEXIS 318, at *12 (citing <u>Recklitis v. Commissioner</u>, 91 T.C. 874, 913 (1988)). Petitioner has not shown that any of the statutory exceptions under section 6654(e) applies. Accordingly, we hold that petitioner is liable for the addition to tax under section 6654 and sustain respondent's determination.

**[*12]** <u>Section 6663 and Section 6651(f)</u>

Respondent determined that petitioner is liable for fraud penalties pursuant to section 6663 for tax years 2001 and 2003 and for additions to tax pursuant to section 6651(f) for tax years 2000, 2002, and 2004. Section 6663 imposes a 75% penalty on the portion of any underpayment due to fraud.[6] Section 6651(f) imposes an addition to tax of up to 75% of the amount of tax required to be shown on the return where the failure to file a Federal income tax return is fraudulent. Because these sections are analyzed similarly as to the determination of fraudulent intent, we consolidate our discussion of respondent's fraud determinations. <u>See</u> <u>Clayton v. Commissioner</u>, 102 T.C. 632, 653 (1994).

Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. <u>Powell v. Granquist</u>, 252 F.2d 56, 60 (9th Cir. 1958); <u>Miller</u> <u>v. Commissioner</u>, 94 T.C. 316, 332 (1990). The Commissioner bears the burden of demonstrating fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). The existence of fraud is a question of fact to be resolved upon

---

[6]Sec. 6663(b) provides that once "the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes (by a preponderance of the evidence) is not attributable to fraud." As petitioner has not provided any evidence in regard to his underpayments, pursuant to sec. 6663(b) the entire amount of petitioner's underpayments is attributable to fraud.

**[*13]** consideration of the entire record. Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989). To carry the burden of proof on the issue of fraud, the Commissioner must show, for each year at issue, that (1) an underpayment of tax exists and (2) some portion of the underpayment is due to fraud. Id. The Commissioner's burden of proving fraud can be met by facts deemed admitted pursuant to Rule 37(c). Doncaster v. Commissioner, 77 T.C. 334, 337 (1981); Vogt v. Commissioner, T.C. Memo. 2007-209, 2007 Tax Ct. Memo LEXIS 212, at *15, aff'd, 336 Fed. Appx. 758 (9th Cir. 2009). Fraud may also be proven by circumstantial evidence, and reasonable inferences may be drawn from the facts because direct evidence is rarely available. DelVecchio v. Commissioner, T.C. Memo. 2001-130, 2001 Tax Ct. Memo LEXIS 159, at *18-*19, aff'd, 37 Fed. Appx. 979 (11th Cir. 2002).

Underpayment of Tax

Petitioner underpaid his tax by $5,002 for 2000, $21,706 for 2001, $30,146 for 2002, $6,732 for 2003, and $5,610 for 2004.

Fraudulent Intent

All or part of the underpayments of tax for the years at issue was due to fraud. Petitioner's failure to file Federal income tax returns for the taxable years 2000, 2002, and 2004 was fraudulent.

**[\*14]** Petitioner was convicted of criminal tax evasion under section 7201 for the taxable year 2001. A taxpayer is collaterally estopped from denying civil tax fraud when convicted of criminal tax evasion under section 7201 for the same taxable year. See DiLeo v. Commissioner, 96 T.C. 858, 885 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992). As part of petitioner's plea agreement to criminal tax evasion under section 7201 petitioner stipulated that he "knowingly and willfully failed to report all of his income to the Internal Revenue Service in order to evade United States tax filing requirements" for the taxable years 2001, 2002, and 2003.

Petitioner has consistently failed to report substantial amounts of income for each year at issue. Consistent failure to report substantial amounts of income over a number of years is highly persuasive evidence of fraudulent intent. Temple v. Commissioner, T.C. Memo. 2000-337, 2000 Tax Ct. Memo LEXIS 395, at \*39, aff'd, 62 Fed. Appx. 605 (6th Cir. 2003).

Petitioner failed to submit for examination complete and adequate books and accounts of his consulting business for the years at issue. Failure to maintain adequate records is a badge of fraud. See Lain v. Commissioner, T.C. Memo. 2012-99, 2012 Tax Ct. Memo LEXIS 98, at \*11, \*13.

Petitioner used third-party checks and money orders to pay his personal expenses in an effort to conceal his income. Petitioner engaged in extensive

[*15] dealings in cash in order to avoid the use of the banking system. "Dealing in cash to avoid scrutiny of one's finances is a badge of fraud." Temple v. Commissioner, 2000 Tax Ct. Memo LEXIS 395, at *39 (citing Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), aff'g T.C. Memo. 1984-601).

The record contains clear and convincing evidence that petitioner's underpayment of tax and failure to file Federal income tax returns was fraudulent. Accordingly, we hold that petitioner is liable for the fraud penalties under section 6663 and the additions to tax under section 6651(f) and sustain respondent's determinations as set forth in the notice of deficiency.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

**[*16]**  To reflect the foregoing,

Decision will be entered

for respondent and will reflect

respondent's concession with

respect to the addition to tax

under section 6654 for 2002.
