T.C. Memo. 2013-282

UNITED STATES TAX COURT

MOHAMMAD A. SULTAN AND MIRIAM AKHTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14733-12.                    Filed December 12, 2013.

Mohammad A. Sultan and Miriam Akhter, pro sese.

<u>Michael A. Raiken</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent determined income tax deficiencies and
penalties as follows:

[*2]

|  | | Penalties | |
| Year | Deficiency | Sec. 6662(a) | Sec. 6663 |
| 2007 | $133,527 | $784.00 | $1,315.40 |
| 2008 | 118,156 | 97,205.25 | 83,684.25 |

Respondent's motion for partial summary judgment was filed June 13, 2013.  On June 17, 2013, the Court ordered petitioners to file an objection, if any, to respondent's motion on or before July 8, 2013.  No objection or response to respondent's motion has been received from petitioners.[1]

The issues[2] for which respondent has moved for summary judgment include whether:  (1) petitioners understated their gross receipts and sales reported on Schedules C, Profit or Loss From Business, by $386,459 and $338,444 for 2007 and 2008, respectively; and (2) petitioners are liable for the section 6663[3] civil

---

[1]This case was previously set for trial on May 20, 2013, at Baltimore, Maryland.  Respondent had filed a motion for partial summary judgment on March 13, 2013, and petitioners were given until April 15, 2013, to respond or object. The motion was set for a hearing at the May 20, 2013, trial session.  Petitioners failed to respond or object and instead asked for a continuance so that they could obtain counsel.  The case was continued on that basis, and respondent's March 13, 2013, motion for partial summary judgment was denied without prejudice.

[2]If respondent is successful in his partial summary judgment motion, other issues determined in the notice of deficiency remain for trial.

[3]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** fraud penalty for underpayments for 2007 and 2008 resulting from failure to report gross income with intent to evade tax.

## Background[4]

Petitioners drove taxi cabs. In addition, petitioner Miriam Akhter sold jewelry, and petitioner Mohammad A. Sultan sold musical instruments and equipment. He operated the following businesses: Cartier Sound, Inc.; Deura, Inc.; Deura Investments, Inc.; Deen International, Inc.; Apex Distributions; Deura Products; Deura Harpes; Tripleeightusa; American Music Supply; M.A.S. Imports, Inc.; Apex Industries, Inc.; and Deura Music Supply. Mr. Sultan used various names or aliases in his business activities. Petitioners received payment for the goods they sold by means of checks, cash, and credit card payments. Petitioners received income that was not reported to respondent on their 2007 and 2008 income tax returns.

Petitioners did not maintain complete or adequate records of their income-producing activities, and they did not submit records to respondent's agent during the audit examination. Respondent determined petitioners' adjusted gross income

---

[4]The background facts are based on respondent's affirmative allegations in the answer that were deemed admitted by the Court's order dated, December 18, 2012, pursuant to Rule 37(c).

[*4] for 2007 and 2008 using the bank deposits method of reconstructing income.

Petitioners made the following deposits into bank accounts during 2007 and 2008:

| Account No. | Bank | Depositor | 2007 | 2008 |
|---|---|---|---|---|
| 6952 | Wachovia | Ms. Akhter | $85,797.41 | $105,317.87 |
| 4983 | Bank of America | Mr. Sultan | 11,065.00 | 121.00 |
| 9239 | Wachovia | Mr. Sultan | 24,722.97 | 8,323.42 |
| 9063 | Wachovia | Ms. Akhter | -0- | 28,825.00 |
| 2204 | Wachovia | Cartier Sound | 338,819.86 | 259,962.45 |
| 4100 | Wachovia | d.b.a Deura Harps, N.A. | -0- | 17,352.75 |
| | Total bank deposits | | 460,405.24 | 419, 902.49 |

Respondent determined the following nontaxable sources:

| Nontaxable sources | 2007 | 2008 |
|---|---|---|
| Refunds | $1,704.81 | $467.76 |
| Federal tax stimulus refund | -0- | 900.00 |
| Check reversals | 5,422.50 | -0- |
| Nonsufficient funds checks | -0- | 968.99 |
| Transfers between accounts | 11,800.00 | 13,829.00 |
| Total nontaxable sources/deposits | 18,927.31 | 16,165.75 |

Petitioners reported total gross receipts or sales of $55,019 for 2007 and $65,292 for 2008. Respondent determined petitioners' unreported adjusted gross income for 2007 and 2008 as follows:

| | 2007 | 2008 |
|---|---|---|
| Total bank deposits | $460,405.24 | $419,902.49 |
| Less: nontaxable items | (18,927.31) | (16,165.75) |
| Net taxable deposits | 441,477.93 | 403,736.74 |
| Less: income reported | (55,019.00) | (65,292.00) |
| Unreported gross receipts | 386,458.93 | 338,444.74 |

**[*5]** Petitioners' failure to maintain complete records of income and their failure to provide complete and accurate records to respondent were fraudulent with the intent to evade tax. Petitioners made false and misleading statements to respondent's agent during the examination. Petitioners fraudulently and with intent to evade tax underpaid their tax for 2007 and 2008 by $133,527 and $118,156, respectively.

## Discussion

Summary judgment is appropriate where there is no genuine issue of material fact. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Respondent set forth material allegations in his answer establishing that petitioners had, with intent to evade tax, fraudulently underpaid their tax by $133,527 and $118,156 for 2007 and 2008, respectively. After the time for filing a reply had expired, respondent moved, under Rule 37(c), that the undenied allegations in the answer be deemed admitted. The Court issued a notice to petitioners to file a reply or otherwise object, but petitioners failed to file a reply or make any response to respondent's motion or the Court's notice. Accordingly, respondent's motion was granted and the allegations in respondent's answer were deemed admitted. See Rule 37(c).

**[\*6]** Respondent has advanced those deemed admitted allegations to support his motion for partial summary judgment.

Respondent is required to show that income was not reported and that the resulting underpayments of tax were fraudulent. Respondent's allegations in his answer, which were deemed admitted by the Court on December 18, 2012, met the burden of proving fraud by clear and convincing evidence as required by section 7454(a) and Rule 142(b). See Doncaster v. Commissioner, 77 T.C. 334, 336-337 (1981); see also Marshall v. Commissioner, 85 T.C. 267 (1985); Ellis v. Commissioner, T.C. Memo. 2012-250. We accordingly hold that petitioners failed to report income of $386,458.93 and $338,444.74 for 2007 and 2008, respectively and that they are liable for civil fraud penalties on the resulting underpayments of tax under section 6663.

Because issues remain concerning whether certain expenses are allowable and whether an accuracy-related penalty under section 6662(a) applies to any underpayments of tax that may result from disallowed expense deductions,

An appropriate order will be issued granting respondent's motion for partial summary judgment.